IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHARLES EDWARD JONES, SR.**                                                    **PETITIONER**
**ADC # 144544**

**V.**                          **CASE NO. 4:20-CV-550-BSM-BD**

**DEXTER PAYNE, Director,**
**Arkansas Department of Correction**                                           **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections**:

This Recommendation for dismissal has been sent to Judge Brian S. Miller. Mr. Jones may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Mr. Jones does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.   Jurisdiction:**

On May 20, 2020, Charles Edward Jones, Sr., an inmate in the Arkansas Division of Correction ("ADC"), filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 2) Mr. Jones was convicted of four counts of rape on April 22, 2009 and was sentenced to four consecutive terms of 40 years' imprisonment in the Arkansas

Department of Correction. Exhibit 1 to Response to Petition for Writ of Habeas Corpus at 1, *Jones v. Hobbs*, 5:12-CV-19-BSM (E.D. Ark. Feb. 10, 2012).

On January 13, 2012, Mr. Jones filed his first federal petition for writ of habeas corpus. Petition for Writ of Habeas Corpus, *Jones v. Hobbs*, 5:12-CV-19-BSM (E.D. Ark. Jan. 13, 2012). Judge J. Leon Holmes denied relief and dismissed the petition. Order, *Jones v. Hobbs*, 5:12-CV-19-BSM (E.D. Ark. May 21, 2012). The Eighth Circuit Court of Appeals denied Mr. Jones's request for certificate of appealability and dismissed his appeal. *Jones v. Hobbs*, No. 12-2273 (8th Cir. 2012).

The Court lacks jurisdiction to hear the current petition because Mr. Jones has already challenged this conviction through an earlier federal habeas petition.[1] Before he is eligible to file another federal habeas corpus petition, he must seek and receive an order from the Eighth Circuit authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Authorization is required even if the petitioner brings claims not presented in the prior habeas petition. 28 U.S.C. § 2244(b)(2)-(3). Without an order from the court of appeals authorizing a second petition, the district court cannot hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[2]

Summary dismissal of a habeas corpus petition – prior to a response or answer from the respondent – is appropriate where the petition itself and court records show that

---

[1] Mr. Jones previously had a petition for writ of habeas corpus dismissed as an unauthorized or successive petition by this Court. See Order Adopting Recommended Disposition, *Jones v. Kelley*, 5:15-CV-200-JLH (E.D. Ark. Jun. 28, 2015).

[2] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

the petition is a second or successive petition filed without authorization from the court of appeals. See Rule 4, Rules Governing Habeas Corpus Cases.

### III.   Conclusion:

The pending petition is successive. Therefore, Judge Miller should DENY and DISMISS Charles Edward Jones, Sr.'s petition for writ of habeas corpus (Doc. No. 2), without prejudice, for lack of jurisdiction; and Mr. Jones's pending motion to proceed *in forma pauperis* (Doc. No. 1) should be DENIED as MOOT. Furthermore, Judge Miller should deny a certificate of appealability.

DATED this 22nd day of May, 2020.

_____
UNITED STATES MAGISTRATE JUDGE